UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CARLOS J. LIND, JR.                      CIVIL ACTION

VERSUS                                   NO: 06-9141

UNITED STATES OF AMERICA                 SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is Defendant's Motion for Summary Judgment (Rec. Doc. 9).  For the reasons below, Defendant's Motion is **DENIED**.

**BACKGROUND**

Carlos Lind is a machinist employed by Buck Kreihs, a ship repair company.  In September 2004, Buck Kreihs began work on a job to repair the USNS ALGOL, a Fast Sealift Ship that is a part of the Military Sealift Command.  As a machinist, plaintiff specifically was directed to operate a magnetic drill used to remove welds from the bottom of super heater tubes such that the old tubes could be removed from the header.  While these tubes are in place, they would block a person's view of the boiler wall in question.

On October 29, 2004, plaintiff was sitting on a 5-gallon

bucket, operating the magnetic drill with his back towards the rear wall of the engine room boiler, when a section of tile and mortar that made up that wall collapsed. One or more pieces of tile struck the plaintiff on the neck, shoulder and low back area allegedly causing injury. Plaintiff filed the this action against the United States as owner of the vessel pursuant to the Suits in Admiralty Act, 46 U.S.C. § 30901-30918 and the Public Vessels' Act, 46 U.S.C. § 31101-31113. The parties agree that as a ship repairman, plaintiff's action is governed by the Longshore and Harborworker's Compensation Act ("LHWCA"), 33 U.S.C. § 905(b).

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

Under section 905(b) a vessel owner has liability for an

injured longshoreman in three limited circumstances:  (1) if the vessel owner fails to warn, on turning over the ship, of hidden defects of which he should have known, but which a reasonably careful expert contractor would not be expected to discover (the turnover doctrine); (2) for injury caused by hazards under the active control fo the ship (the active control duty); or (3) if the vessel owner fails to intervene in the contractor's operations when he has actual knowledge both (a) of an unreasonable hazard and (b) that the contractor, in the exercise of obviously improvident judgment, intends to work on in the face of it, and therefore cannot be relied upon to remedy it (the duty to intervene).  *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 175-76 (1981); *Greenwood v. Societe Francaise De*, 111 F.3d 1239, 1245 (5th Cir. 1997).

The parties both acknowledge that the turnover duty is the only one at issue in this case.  Plaintiff argues that the United States violated its turnover duty.  Plaintiff argues that the United States retained an expert to oversee the work being done in boiler room and that a competent inspection by a boiler expert would have yielded the defect.  Therefore the United States should have known about the defect but did not warn Buck Kreihs of it.

The turnover duty provides that a vessel owner must exercise

3

ordinary care under the circumstances to have the ship and its equipment in such condition that an expert and experienced stevedore or longshoreman will be able by the exercise of reasonable care to carry on its operations with reasonable safety to persons and property.  *See Moore v. MV Angela*, 353 F.3d 376, 380-81 (5th Cir. 2003)*; Cole v. Nobel Drilling Co.*, No. 05-479, 2007 WL 2475944, at *5-6 (S.D. Miss. Aug. 28, 2007).  The vessel owner is not required to warn of defects that are open and obvious.  *See e.g., Romero v. Cajun Stabilizing Boats*, 501 F. Supp. 2d 816, 821-22 (W.D. La. 2007).

In this case, there seems to be a factual dispute as to whether the United States knew or should have known about a defect in the boiler wall.  Plaintiff claims that the owner retained an expert to oversee work, and that the expert should have known of the defect in the wall.  The parties did not brief whether the expert can properly be considered an agent of the United States, such that his alleged failure to spot the defect is imputed to the United States.  However, at this point, there is sufficient information that could lead a jury to conclude that the United States should have known of the defect.  Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 9) is **DENIED.**

4

New Orleans, Louisiana this the 30th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE